# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 13, 2010

No. 09-60901
Summary Calendar

Lyle W. Cayce
Clerk

RICKY SMITH

Plaintiff–Appellant

v.

POST MASTER GENERAL JOHN E. POTTER

Defendant–Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
3:08-CV-660

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges

PER CURIAM:[*]

Plaintiff–Appellant Ricky Smith (Smith) appeals the district court's decision to grant Defendant–Appellee's motion to dismiss for lack of subject matter jurisdiction for failure to exhaust administrative remedies or in the alternative for summary judgment. Additionally, Smith appeals the district court's decision to stay discovery pending the ruling on the Appellee–Defendant's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-60901

motion to dismiss. For the following reasons, we AFFIRM the lower court's decisions.

## I. FACTUAL AND PROCEDURAL BACKGROUND

At the time of the complaint, the Appellant, Ricky Smith, was a forty year old man employed as a letter carrier for the United States Postal Service (USPS). From April through September 2008, Appellant filed eight informal complaints alleging discrimination to the Equal Employment Office (EEO). These informal complaints of discrimination concerned the failure to schedule Smith as much as other employees during a six month time frame, denial of a lunch break, and subjection to investigatory interviews.

As required by the statute, Smith submitted notice to the EEOC of his intent to file a claim in district court under the Age Discrimination in Employment Act (ADEA) on August 7, 2008. The ADEA requires a thirty day waiting period before an employee can file the claim in district court. On September 20, 2008, Smith had not yet filed a claim in district court when he filed a formal Complaint of Discrimination with the EEO alleging discrimination on the basis of age, disability, and retaliation. Specific incidents for EEO investigation included: not being given as many work hours as other employees on April 18, 2008 and during June 4–July 25, 2008; being told to report to collections and denied lunch on July 15; being given an investigative interview about scan points on July 30, 2008; being denied overtime hours on August 11, 2008; being reassigned to North Station on August 11, 2008; being denied rights to hold down a route on August 30, 2008; and being required to provide medical documentation on September 22, 2008. On October 7, 2008, the USPS sent Smith a writing partially accepting and partially dismissing Smith's EEO Formal Complaint. The writing detailed which incidents would and would not be part of the EEO's investigation.

After receiving the partial acceptance/partial denial letter, but before a final determination on the EEO formal complaint, Smith filed suit against the

No. 09-60901

USPS in district court, the dismissal of which Smith now appeals. In his federal complaint, Smith alleges coercion by a supervisor in signing a statement concerning a grievance filed by another employee; a sustained campaign of "discrimination and fear" and inadequate maintenance of "standards of integrity, conduct, and concern for public safety" by Kirby Ragsdale, a supervisor; retaliation for using sick leave, and an assault by a representative of Ragsdale who tried to grab his shoulder during an investigative review on July 29, 2008.

Although Smith does not organize his federal complaint by counts, Smith cites the following statutes as a basis for jurisdiction: the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 633(a); the Rehabilitation Act of 1973, 29 U.S.C. §§ 791 *et seq*.; the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12112, 12203; and portions of the Civil Service Reform Act of 1978 (CSRA), 5 U.S.C. §§ 2301, 2302. Appellee moved to dismiss for failure to exhaust administrative remedies or in the alternative for summary judgment. Appellee also moved to stay discovery pending the court's ruling on the motion to dismiss, which the district court granted. The district court concluded that the scope of the EEO administrative proceedings were sufficiently broad to include the issues in the federal complaint. Because the EEO had not yet made a final ruling on Smith's discrimination complaint, the district court granted the motion to dismiss for failure to exhaust administrative remedies.

On appeal, Smith claims that his federal complaint contained separate and distinct issues than his EEO discrimination complaint, and therefore that the dismissal for lack of subject matter jurisdiction was improper. Smith also appeals the district court's decision to stay discovery pending the motion to dismiss.

## II. DISCUSSION

A.    **Subject Matter Jurisdiction and Exhaustion of Remedies**

    1.    **Jurisdiction and Standard of Review**

No. 09-60901

We have jurisdiction over the final judgment of the district court under 28 U.S.C. § 1291. This court reviews the grant of a 12(b)(1) motion to dismiss for lack of jurisdiction *de novo*. *Taylor v. Acxiom Corp.*, 612 F.3d 325, 331 (5th Cir. 2010). Motions filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of a district court to hear a case. FED. R. CIV. P. 12(b)(1). A case must be dismissed if the court finds that it lacks subject matter jurisdiction. FED. R. CIV. P. 12(h)(3). The party asserting jurisdiction bears the burden of proof for a 12(b)(1) motion to dismiss. *Ramming v. United States*, 281 F.3d 158,161 (5th Cir. 2001) (citations omitted).

A court can find that subject matter jurisdiction is lacking based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming*, 281 F.3d at 161 (citing *Barrerra-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1992). When a defendant submits a factual attack on the complaint, he must provide support with "affidavits, testimony, or other evidentiary materials." *Patterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). Given the burden of proof on the party asserting jurisdiction, the plaintiff must submit evidence to prove, by a preponderance of the evidence, that the court does have jurisdiction based on the complaints and evidence. *Id.* Courts are to hold *pro se* litigants to less stringent pleading standards than other parties. *See Estelle v. Gamble*, 429 U.S. 97, 106 (holding that *pro se* pleadings are to be liberally construed); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

## 2.    Discussion

In his complaint, Smith lists several statutes as a basis for jurisdiction: the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 633a; the Rehabilitation Act of 1973, 29 U.S.C. §§ 791 *et seq*.; the Americans with

4

Disabilities Act (ADA), 42 U.S.C. §§ 12112, 12203; and portions of the Civil Service Reform Act (CSRA), 5 U.S.C. §§ 2301, 2302. We address the plaintiff–appellant's claims under each of these statutes in turn.

A.   ADEA Claims

Defendant–Appellee contends that Smith had not exhausted his administrative remedies as required by the ADEA because there had been no final determination by the EEO on his discrimination claims. Smith argues that his federal claims are separate and apart from his EEO claims, and therefore that he did not need to exhaust administrative remedies for these claims.

When a federal employee pursues a claim of age discrimination under the ADEA, the individual may gain relief using one of two procedural paths. *Stevens v. Dept. of Treasury*, 500 U.S. 1, 5 (1991); *White v. Frank*, 718 F. Supp. 592, 595 (W.D. Tex. 1989), *adopted by White v. Frank*, 895 F.2d 243, 243–44 (5th Cir. 1990) (per curiam). If the employee forgoes his administrative remedies, he may proceed directly to federal district court. *Stevens*, 500 U.S. 1, 5–6 (1991); *White*, 718 F. Supp. at 595; *see* 29 U.S.C. § 633a(d). Alternatively, the employee may choose the administrative route and file a formal complaint with the EEO of the federal agency. *Stevens*, 500 U.S. at 5; *White*, 718 F. Supp. at 595; *see* 29 U.S.C. § 633a(b). Once an employee proceeds down the administrative route, he "must completely exhaust his administrative remedies before commencing suit in federal court." *White*, 718 F. Supp at 595. Essentially, the employee must wait for a final determination from the EEO.

Where the agency notifies the employee in writing that it believes that some but not all of the claims in a complaint should be dismissed and gives its rationale, such notification is not final or appealable until final action is taken on the remainder of the complaint. *See* 29 C.F.R. § 1614.107(b); *see also Franklin v. Potter*, 600 F. Supp. 3d 38, 61 (D.D.C. 2009) ("when the agency only partially dismisses a complaint, there is no final action"); *Puckett v. Potter*, 342

F. Supp. 2d 1056, 1065 (M.D. Ala. 2004) ("The effect of an agency's dismissal . . . depends on whether the agency dismisses all of the complainant's claim or only some of them.").

We agree with the government and the district court that Smith failed to exhaust his administrative remedies because the actions alleged in the federal complaint are within the scope of the administrative proceedings and there was no final determination from the EEO on the EEO formal complaint.  The scope of the EEO administrative proceedings and whether a final determination was made are paramount in resolving the jurisdictional issue.

First, we examine whether the EEO administrative proceedings were broad enough to encompass Smith's  federal claims.  In his federal complaint, Smith alleges that his age motivated several discriminatory and retaliatory actions including: a sustained campaign of "discrimination and fear" by Kirby Ragsdale, a supervisor; inadequate maintenance of "standards of integrity, conduct, and concern for public safety" by Ragsdale and the USPS; removal of Smith from the work schedule and limitation of hours on April 18, 2008 and May 31st through June 6th; harassing requests for medical records; an investigative interview on July 29th, 2008; and an assault by a representative of Ragsdale at the investigative interview, an incident that Smith explained in his response is intended to demonstrate discrimination and is not intended to state a separate cause of action.

Each of the incidents that Smith lists on his federal complaint falls under the purview of Smith's EEO complaint.  Smith's EEO complaint generally alleges discrimination and retaliation on the basis of age.  In support of his allegations, Smith lists grievances including the limitation of his scheduled hours to less than other employees by management and Ragsdale over a six month period that included the time periods listed on his federal complaint. The EEO complaint and investigation also include a request for medical

documentation on September 22, 2008 that Smith implies is a result of retaliatory harassment and discrimination on his federal complaint. The EEO complaint and investigation also discuss an investigative interview about points, at which Smith alleges the assault by Ragsdale's representative took place.

Given that the EEO complaint was broad enough to include all these claims, Smith had to exhaust his administrative remedies before pursuing judicial relief after he chose the administrative procedural path. He did not exhaust his administrative remedies because he proceeded to court only after a partial acceptance and dismissal. A partial acceptance and dismissal is not a final determination. To exhaust his remedies, Smith had to wait until final action was taken on the rest of his complaint. The district court properly granted Appellee's motion to dismiss for failure to exhaust administrative remedies under the ADEA.

B.    Rehabilitation Act Claims

In addition to age discrimination and retaliation, Smith alleges discrimination and retaliation because of his disability. He alleges that both the scheduling decisions and the "ineligible" grade on the postal exam were motivated by disability. Smith lists both the Rehabilitation Act and the ADA as bases for jurisdiction. As we will explore in the next section, the ADA does not allow claims against the federal government, thus Smith must assert his disability claims under the Rehabilitation Act.

The Rehabilitation Act adopts the "remedies, procedures, and rights set forth in section 717 of the Civil Rights Act of 1964." 29 U.S.C. 794a(a)(1). Thus, "the Rehabilitation Act . . . established a private right of action subject to the same procedural constraints (administrative exhaustion, etc.) set forth in Title VII of the Civil Rights Act . . . ." *Prewitt v. United States Postal Serv.,* 662 F.2d 292, 304 (5th Cir. Unit A 1980). In contrast to the ADEA, under the Rehabilitation Act, an employee can only pursue judicial relief by one procedural

path.  As a precondition to bringing an action in federal court, a complaining employee "must exhaust their administrative remedies by filing [the] charge of discrimination with the EEO division of their agency." *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006) (discussing the exhaustion requirement for Title VII claims).

To exhaust administrative remedies, the employee must either (1) receive notice of final action taken by the agency or by the EEOC upon an appeal from a decision or order of the agency, or (2) wait until 180 days have passed from the filing of the administrative complaint without final agency action.  42 U.S.C. § 2000-16(c).  As explained above, where the agency notifies the employee in writing that some claims in an EEO complaint should be dismissed but not all of the claims, such notification is not a final action or appealable until final action is taken on the remainder of the complaint.  *See* 29 C.F.R. § 1614.107(b); *see also Franklin*, 600 F. Supp. 3d at 61; *Puckett*, 342 F. Supp. 2d at 1065.

Exhaustion of administrative remedies is a prerequisite to federal subject matter jurisdiction.  *Tolbert v. U.S.*, 916 F.2d 245, 247 (5th Cir. 1990) (citations omitted) (examining a Title VII case).  A failure to comply with this requirement deprives the district court of jurisdiction.  *Id.*  Where an employee has prematurely filed an action in district court, the issuance of a final decision by the agency before a district court can dismiss the claim does not cure the jurisdictional defect.  *Id.* at 249.

We agree with the government and the district court that Smith failed to exhaust his remedies.  Though Smith does not specify which incidents are brought under each statute, it seems that Smith is claiming that his disability motivated USPS management to limit his hours, deny overtime, and give a rating of "ineligible" in the writing section of the USAP Exam 600.  As we discussed above, the limitation of his hours and denial of overtime are encompassed by his EEO complaint, which alleges discrimination on the basis

of age, disability, and retaliation. Smith has failed to exhaust his remedies on these claims because he has not received a final determination from the EEO on his EEO complaint. For the "ineligible" rating and any other claims he may be raising under the Rehabilitation Act that are not encompassed in the EEO complaint, Smith has failed to exhaust his remedies because he has not pursued administrative remedies first. The district court properly granted the motion to dismiss for lack of jurisdiction for the Rehabilitation Act claims.

C.    ADA claims

Smith also lists the ADA as a jurisdictional basis and alleges claims based on discrimination due to his disability. Under the ADA, entities covered by the statute may not discriminate on the basis of an employee's disability. 42 U.S.C. §12112. Section 12111 defines "covered entity" as an employer or employment agency. 42 U.S.C. § 12111(2). However, section 12111 goes further to say that the term "employer" excludes the entire federal government from coverage under the ADA. 42 U.S.C. §12111(5)(B)(i); *Henrickson v. Potter*, 327 F.3d 444, 447 (5th Cir. 2003). The USPS is part of the federal government. 39 U.S.C. § 201 ("There is established, as an independent establishment of the executive branch of the Government of the United States, the United States Postal Service."). Thus, we agree with the district court that no claim against the USPS is permitted under the ADA.

D.    CSRA Claim

Smith also cites to 5 U.S.C. section 2301 (Merit System Principles) and 5 U.S.C. section 2303 (Prohibited Personnel Practices), invoking the Civil Service Reform Act as a basis for federal question jurisdiction. As the district court notes, the basis of the plaintiff's CSRA claim is not clear but Smith seems to indicate that he is pursuing a "mixed claim"—a claim where the adverse employment action is motivated in whole or in part by prohibited discrimination that is brought before the EEO.

Under the CSRA framework, a postal service employee may pursue relief along two procedural paths: The employee may either (1) bring a mixed complaint before the EEO or (2) bring a mixed appeal before the Merit Systems Protection Board (MSPB). 29 C.F.R. § 1614.302(a) (defining "mixed case complaint" and "mixed case appeal"); 5 U.S.C. § 7702. Pursuant to subsection (b) of C.F.R. section 1614.302, the employee must elect one of these paths; he cannot do both. 29 C.F.R. §1614.302(b). The EEO or the MSPB will decide both the issues of discrimination and the adverse employment action. 29 C.F.R. § 1614.302; 5 C.F.R. §1201.156 ("the judge will decide both the issue of discrimination and the appealable action within 120 days after the appeal is filed"). Once the employee who initiates either of these procedural paths receives a final determination, the employee may pursue judicial review of the final determination. 29 C.F.R. §1614.310; 5 U.S.C. §7703(a)(1) & (b)(1)–(2). Cases of discrimination subject to provisions of section 7702 "shall be filed under section 717(c) of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16) [or] section 15(c) of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 633a(c)) . . . ." 5 U.S.C. § 7703(b)(2). As discussed above these provisions require exhaustion of administrative remedies before the federal court may have jurisdiction.

Smith has failed to exhaust his administrative remedies because he has not received a final determination from the EEO or the MSPB. Accordingly, we agree with the district court that it lacks jurisdiction to hear his CSRA claims.

**B. Discovery Issue**

**1. Standard of Review**

The control of discovery "is committed to the sound discretion of the trial court and its discovery rulings will be reversed only where they are arbitrary or clearly unreasonable." *Mayo v. Tri-Bell Indus., Inc.*, 787 F.2d 1008, 1012 (5th Cir. 1986) (citations omitted). Accordingly, we review the trial court's grant of

No. 09-60901

the motion to stay discovery pending the motion to dismiss for abuse of discretion. *Richardson v. Henry*, 902 F.2d 414, 417 (4th Cir. 1990).

### 2.    Discussion

Smith argues that the trial court's grant of the motion to dismiss was inappropriate because it did not to allow adequate time for discovery as required by Rule 56(c). Here, the issues to be examined in the motion to dismiss for lack of jurisdiction or in the alternative for grant of summary judgment were largely legal rather than factual in nature. Thus, we find no abuse of discretion in staying discovery.

AFFIRMED.